IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ENRIQUE J. VAZQUEZ,

    Defendant.

Case No. 3:18-CR-30103-NJR-1

## ORDER

**ROSENSTENGEL, Chief Judge:**

    Now before the Court is Defendant Enrique J. Vazquez's *pro se* Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 679). Vazquez requests a reduction under the "status points" provision of Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G."). (*Id.*). Attorney Kim C. Freter entered her appearance on behalf of Vazquez to determine his potential eligibility for a sentence reduction pursuant to Amendment 821. (Doc. 681). Ms. Freter subsequently filed a Motion to Withdraw, asserting that Vazquez's motion is without merit. (Doc. 683). Vazquez did not respond to the Motion to Withdraw.

    Under Part A of Amendment 821, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). Under the amended provision, a defendant who has seven or more criminal history points and who committed the offense of conviction while under any criminal justice sentence receives one status point. A defendant who has six or less criminal history points

and who committed the offense of conviction while under any criminal justice sentence receives no status points. *See* U.S.S.G. § 1B1.10(e)(2).

Here, Vazquez was assessed two status points at sentencing for being under a criminal justice sentence at the time of his offense of conviction, for a total criminal history score of 6. (Doc. 139). That score placed Vazquez within Criminal History Category III. (*Id.*). Under U.S.S.G. § 4A1.1(e), Vazquez would no longer receive status points, resulting in a total criminal history score of 4. Under the Sentencing Guidelines, however, a criminal history score of 4, 5, or 6 results in a Criminal History Category of III. Therefore, even if the two status points were removed, his Criminal History Category would still be III, and his guidelines range would remain the same. As a result, Vazquez is not entitled to a sentence reduction.

Because Vazquez is not entitled to a sentence reduction under Part A of Amendment 821, his *pro se* Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 679) is **DENIED**. The Motion to Withdraw filed by Attorney Kim C. Freter (Doc. 681) is **GRANTED**.

**IT IS SO ORDERED.**

DATED:  April 18, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**